UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD COATS,<br><br>*Plaintiff,*<br><br>v.<br><br>ELISABETH DEVOS, Secretary, U.S. Department of Education,<br><br>*Defendant.* | Civil Action No.: 13-2001 (RDM) |

**STIPULATION OF SETTLEMENT AND DISMISSAL**

This Stipulation of Settlement and Dismissal is entered into this 7th day of April 2018, by and between Ronald Coats ("Plaintiff") and Defendant, Elisabeth DeVos, Secretary of the United States Department of Education ("Defendant").

WHEREAS, in December 2013, Plaintiff filed this action against Defendant alleging that his termination from employment at the Department of Education was the result of retaliation and race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and retaliation and age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 633a *et seq.* ("ADEA");

WHEREAS, in a Memorandum Opinion and Order dated February 8, 2017, the Court granted summary judgment to Defendant on Plaintiff's ADEA claims but denied summary judgment on Plaintiff's Title VII claims;

WHEREAS, the Title VII claims were the subject of a jury trial from October 16, 2017 to October 20, 2017, that resulted in a verdict to Plaintiff in the amount of $750,000 in compensatory damages, which by law is subject to reduction to $300,000;

WHEREAS, Defendant maintains that it has grounds for relief from the verdict and for judgment in its favor under Federal Rule of Civil Procedure ("Rule") 50 and/or for a new trial under Rule 59;

WHEREAS, Plaintiff's claims for attorneys' fees and equitable relief have not yet been resolved by the Court;

WHEREAS, to avoid the risk and expense of further litigation, the parties seek to resolve all disputed issues between them relating to or arising from Plaintiff's employment with the Department of Education, including but not limited to all issues in the above-captioned civil action.

NOW THEREFORE, in consideration of the premises and mutual promises contained herein, the parties agree as follows.

1. <u>Dismissal with Prejudice.</u> Following the Effective Date of the Agreement as set forth in paragraph 6 below, Defendant's counsel shall promptly file this Agreement with the Court, and such filing shall constitute a dismissal of the above-captioned civil action with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).

2. <u>Release.</u> This Agreement provides for the full and complete satisfaction of all claims which have been or could have been asserted by Plaintiff in the above-captioned civil action, including without limitation all claims for compensatory damages, back pay, front pay, reinstatement and/or other equitable or declaratory relief, costs, attorneys' fees, and interest or other compensation for delay, and Plaintiff agrees not to hereafter assert any claim or institute or prosecute any civil action or other proceeding against the Defendant, the Department of Education, or the United States, its agencies or officials, or its present or former employees or agents, in either their official or individual capacities, with respect to any event complained of therein. Plaintiff hereby fully and forever releases and discharges the Defendant, the Department of Education, and

2

the United States, its agencies and officials, and its present and former employees and agents, in their official or individual capacities, from any and all rights and claims of every kind, nature, and description, whether presently known or unknown, including, but not limited, under Title VII and the ADEA, which Plaintiff now has or may have arising out of any event alleged in the above-captioned civil action or otherwise arising out of his employment with the Department of Education. Plaintiff withdraws all requests for counseling, complaints, grievances, charges, or appeals he has filed with any Equal Employment Opportunity office, the Equal Employment Opportunity Commission, or any other administrative agency, as well as any civil actions or appeals he has filed with any court, relating to or arising from his employment with the Department of Education and agrees that any potential complaint, grievance, or any other matter stemming from his employment with the Department of Education and arising or accruing on or prior to the execution of this Agreement shall be covered and resolved by the terms of this Agreement. However, by entering into this Agreement, Plaintiff does not waive rights or claims that may accrue after the Effective Date of this Agreement.

3. <u>Settlement Payment</u>. Defendant shall pay Plaintiff the total sum of Six Hundred and Sixty-Five Thousand dollars ($665,000). This payment shall be made by an electronic transfer of funds as specified in instructions provided to Defendant's counsel by Plaintiff's counsel in writing. Payment shall be made as promptly as practicable, consistent with the normal processing procedures followed by the Department of Justice and the Department of Education, following the dismissal of the above-captioned civil action pursuant to Paragraph 1 above, contingent upon Plaintiff and/or Plaintiff's counsel submitting to the Department of Education complete and accurate documentation needed to process the payment. Plaintiff and Plaintiff's counsel shall co-operate with Defendant to ensure that all documentation required to process this

payment is complete and accurate. This payment is inclusive of Plaintiff's attorneys' fees, costs, and other litigation expenses, and Defendant shall have no further liability for those fees, costs, and expenses. Plaintiff and Plaintiff's counsel shall be responsible for any distribution of the payment among themselves.

    4.    <u>Opportunity to Review and Discuss with Counsel</u>. Plaintiff represents and warrants that, in entering into and executing this Agreement, he has relied on his own investigation and on the investigation and advice of his own counsel, that he has been given a reasonable period of time within which to consider the terms and conditions hereof, and that he has read and fully understands the entire Agreement and is voluntarily entering into this Agreement.

    5.    <u>ADEA Waiver</u>. By signing this Agreement, Plaintiff acknowledges and agrees that he is knowingly and voluntarily waiving all rights and claims that he may have under the ADEA. Plaintiff is advised to consult with an attorney of his own choosing prior to signing this Agreement, and Plaintiff acknowledges that, by signing this Agreement, he has had sufficient opportunity to consult with an attorney prior to signing it. Plaintiff acknowledges that he has waived his rights and claims under the ADEA, including the right to consider this Agreement for twenty-one (21) calendar days, in exchange for consideration, as set forth above. Plaintiff further understands that by signing this Agreement he is not waiving any rights or claims under the ADEA that may arise following the Effective Date of this Agreement. Plaintiff acknowledges that, in accordance with the ADEA, he had a reasonable time within which to review and consider the terms of this Agreement. Plaintiff is hereby notified that he may revoke this Agreement within seven (7) calendar days after the date Plaintiff signs this Agreement. In the event that Plaintiff revokes this Agreement, the terms of the Agreement shall not be effective or enforceable, nor will Plaintiff be entitled to any of the considerations specified in this Agreement. In the event that

Plaintiff subsequently opts to revoke the Agreement within seven (7) calendar days after the date he signs this Agreement, he must do so by providing written notice via hand-delivery to Michael Taylor, Office of General Counsel, Department of Education, or via email to Mr. Taylor (with copy to Assistant United States Attorney Jeremy S. Simon), in accordance with the notice provision as set forth in paragraph 16 below. Furthermore, Plaintiff understands that if he revokes this Agreement within the allotted timeframe, the Department of Education will immediately withdraw the considerations made in this Agreement, including any payment(s).

6. **Effective Date.** This Agreement will become effective on the later of: (A) the eighth (8th) calendar day following Plaintiff's signature (if not revoked within the seven (7) calendar day period); or (B) the date this Agreement is executed by all signatories. Signatures below signify acceptance of the terms of this Agreement. This Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, administrators, successors, and assigns. Each signatory to this Agreement represents and warrants that he or she is fully authorized to enter into this Agreement

7. **No Assignment.** Plaintiff represents and warrants that he is the sole lawful owner of all the rights and claims which he has settled and released herein, and that he has not transferred or assigned any of those rights and claims or any interest therein. Plaintiff shall indemnify, hold harmless, and defend the Defendant, the Department of Education, and the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from and against any transferred, assigned, or subrogated interests in those rights and claims.

8. **No Admission of Liability.** This Agreement has been entered into by Plaintiff and Defendant solely for the purposes of compromising disputed claims without protracted legal

5

proceedings and avoiding the expense and risk of such litigation. Therefore, this Agreement is not intended and shall not be deemed an admission by either party of the merit or lack of merit of the opposing party's claims and/or defenses. Without limiting the generality of the foregoing, this Agreement does not constitute, and shall not be construed as an admission that Defendant, the Department of Education, or any of their present or former employees or agents violated any of Plaintiff's rights or any laws or regulations, or as an admission of any contested fact alleged by Plaintiff in connection with this case or otherwise. This Agreement may not be used as evidence or otherwise in any civil or administrative action or proceeding against Defendant, the Department of Education, or the United States or any of its agencies or officials or present or former employees or agents, either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof.

9. <u>Tax Consequences</u>. Plaintiff acknowledges that he has not relied on any representations by Defendant or Defendant's employees or agents as to the tax consequences of this Agreement or any other payments made by or on behalf of Defendant hereunder. Plaintiff shall be solely responsible for compliance with all federal, state, and local tax filing requirements and other obligations arising from this Agreement that are applicable to Plaintiff.

10. <u>Entire Agreement</u>. This Agreement contains the entire agreement between the parties hereto and supersedes all previous agreements, whether written or oral, between the parties relating to the subject matter hereof. No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise be given any force or effect in connection herewith.

11. <u>Amendments</u>.  The terms of this Agreement may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by the party to be charged with the modification, amendment, or waiver.

12. <u>Construction</u>.  The parties acknowledge that the preparation of this Agreement was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this Agreement or any term or provision hereof.

13. <u>Headings</u>.  The paragraph headings in this Agreement have been inserted for convenience of reference only, and shall not limit the scope or otherwise affect the interpretation of any term or provision hereof.

14. <u>Further Assurances</u>.  Each party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this Agreement.

15. <u>Right to Cure</u>.  If either Plaintiff or Defendant at any time believes that the other party is in breach of this Agreement, that party shall notify the other party of the alleged breach. The other party shall then have thirty (30) calendar days to cure the breach or otherwise respond to the claim. The parties shall make a good faith effort to resolve any dispute arising from or regarding this Agreement before instituting any judicial action with respect to any alleged breach.

16. <u>Notices</u>.  Any notice required or permitted to be given pursuant to this Agreement shall be in writing and shall be delivered by hand, or transmitted by e-mail, addressed as follows or as each party may subsequently specify by written notice to the other:

If to Plaintiff:

Richard A. Salzman

7

    Heller, Huron, Chertkof
    & Salzman
    1730 M St., NW Suite 412
    Washington, DC 20036
    (202) 293-8090
    Email: ras@hellerhuron.com

If to Defendant:

    Michael S. Taylor
    General Attorney
    U.S. Department of Education
    Office of the General Counsel
    Business and Administrative Law Division
    400 Maryland Avenue S.W.
    Office 6C125
    Washington, DC 20202
    (202) 401-6027
    E-mail: Michael.Taylor@ed.gov

With copy to:

    Jeremy Simon, Esq.
    Assistant United States Attorney
    Civil Division
    555 4th Street, N.W.
    Washington, D.C. 20530
    (202) 252-2528
    Email: jeremy.simon@usdoj.gov

17.    <u>Execution</u>.  This Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement.  A facsimile or other duplicate of a signature shall have the same effect as a manually-executed original.

18.    <u>Governing Law</u>.  This Agreement shall be governed by the laws of the District of Columbia, without regard to the choice of law rules utilized in that jurisdiction, and by the laws of the United States.

19. <u>Binding Effect</u>. Upon execution of this Agreement by all parties hereto, this Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, administrators, successors, and assigns. Each signatory to this Agreement represents and warrants that he or she is fully authorized to enter into this Agreement.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have executed this Agreement on the dates shown below.

FOR THE PLAINTIFF:

_____
RONALD COATS
Plaintiff

Date: 4/7/18

_____
RICHARD A. SALZMAN
HELLER, HURON, CHERTKOF,
and SALZMAN,
1730 M. Street, N.W., Ste. 412
Washington, D.C. 20036
(202) 293-8090
ras@hellerhuron.com

Date: 7/7/18

FOR THE DEFENDANT:

_____
Denise L. Carter
Acting Assistant Secretary, Office of Management
United States Department of Education

Date: 4/9/2018

JESSIE K. LIU
D.C. Bar #472845
United States Attorney

DANIEL F. VAN HORN
D.C. Bar #924092
Civil Chief

By: _____
JEREMY S. SIMON, D.C. Bar #447956
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.Simon@usdoj.gov

Date: 4/10/2018

9